**THE COUNTERS FIRM, P.C.**
Representation you can count on.

Lisa Counters, 016436
4809 E. Thistle Landing, Ste. 100
(602) 490-0030 (Voice)
(888) 683-8397 (Fax)
Lisa@countersfirm.com

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Scanlon,<br><br>                          Plaintiff,<br><br>vs.<br><br>Lincoln National Life Insurance Company, a foreign corporation; Group Long-Term Disability Insurance for Employees of Assessment Technologies Institute, L.L.C.,<br><br>                          Defendants. | No.<br><br>**COMPLAINT** |

For her claim against Defendants, Laura Scanlon ("Scanlon") alleges as follows:

**JURISDICTION AND VENUE**

1.      Scanlon is a resident of Maricopa County, Arizona.

2.      Assessment Technologies Institute, L.L.C. ("ATI") is a Kansas corporation, with operations in several states, including operations in Arizona.

3.      Defendant Lincoln National Life Insurance Company ("Lincoln") is a foreign insurer, engaged in business in the State of Arizona. Lincoln resides and is found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

4.      Defendant Disability Insurance for Employees of Assessment Technologies Institute, L.L.C. ("Plan") is a purported ERISA benefit plan established and maintained by

ATI for the benefit of its employees. The Plan includes long-term disability benefits ("LTD"). ATI is the Plan Administrator.

5. ATI is also a Plan Fiduciary as that term is defined by ERISA.

6. This Court has jurisdiction over the Plan by virtue of the provisions of ERISA 29 U.S.C. § 1132, and because the Plan, ATI, and Lincoln have caused events to occur in Arizona out of which Scanlon's claims arise.

7. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132(a), (e), 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 2201-02 (declaratory judgments).

8. Defendants reside and are found within this District within the meaning of the jurisdiction and venue provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

9. The Plan's LTD benefits are paid for and administered by Lincoln.

10. For the Plan's LTD benefits, Lincoln is the Claim Administrator and is a Plan Fiduciary as defined by ERISA.

11. ATI self-funds the LTD benefits of its Plan.

## GENERAL ALLEGATIONS

12. ATI provided certain employees with LTD benefits pursuant to the Plan.

13. Under the terms of the LTD benefit, Scanlon is entitled to benefits if she is unable to perform the main duties of her own occupation at ATI, or any other appropriate job offered by ATI or any other employer, due to an illness, injury, pregnancy, "mental sickness" or other medical condition.

14. The Plan further states that Scanlon "must receive medically appropriate treatment which means diagnostic services, consultation, care or services that are consistent with the symptoms or diagnosis causing the Insured Employee's Disability."

15. The Plan further requires that Scanlon obtain the medically appropriate treatment from a physician whose license and specialty are consistent with the disabling condition and according to generally accepted, professionally recognized standards of

-2-

medical practice. In the case of "mental sickness", the providers who typically provide accepted treatment include psychiatrists, clinical psychologists or other qualified mental health care providers.

16. At all relevant times, Scanlon was an ATI employee, became a covered individual under the Plan, and remained continuously employed. Scanlon's job title was Marketing Manager.

17. The main duties of Scanlon's occupation that she was unable to perform based on the DOT job description, include, but are not limited to:

- Coordinating advertising time and space with clients;
- Conferring with clients to develop a marketing strategy as she could not follow conversations ;
- Review media goals of clients with staff in order to target specific consumer groups as she would have breakdowns over small issues that arose;
- Ensuring that critical factors such as words, colors, audio and visual components are met as she had a complete inability to focus and had difficulty being able to recall words;
- Monitoring implementation of buying plan and managing advertising budget as her ability to perform calculations of any sort were severely impacted;
- Ability to perform duties that require concentration, attention to detail, and focus; and
- Ability to work a regular, 40-hour work week;

18. Scanlon suffered from severe depression and general anxiety disorder. In February 2010, Scanlon originally took leave due to a major depressive episode for which she was confined to a mental health hospital. She also underwent inpatient treatment in May 2010.

19. Collectively, Scanlon's mental health problems rendered her unable to perform the main duties of her occupation for the 24 month period under the policy's mental sickness provision.

20. Scanlon qualified for and received LTD benefits from Lincoln effective May 5, 2010.

21. Lincoln terminated Scanlon's LTD disability benefits effective May 15, 2010, only ten days after its initial approval.

22. Scanlon is entitled to 60% of her predisability earnings per month in long-term disability benefits from May 15, 2010 through May 5, 2012 under the terms of the Plan and Policy. At the time of Scanlon's disability she was earning approximately $74,000 annually.

23. Scanlon applied for Social Security Disability Income based on the same conditions and was immediately granted SSDI benefits through the Social Security Administration, whose criteria are typically more stringent than those of disability insurers.

24. Scanlon provided all necessary proof of her continuing disability as a result of severe depression and anxiety. In addition, Scanlon provided Lincoln with completed claim forms signed by her primary physician, Dr. Bueno, mental health records from Aurora Behavioral Health, treatment records from Patricia Meade, LPC, and treatment records from Gail Pigeon, NP that outlined the multiple conditions that render her disabled.

25. Scanlon submitted her timely appeal of Lincoln's and ATI's decision to terminate her long-term disability benefits by letter dated October 29, 2010.

26. Lincoln denied Scanlon's appeal on December 14, 2010.

27. Scanlon submitted a second level of appeal on April 25, 2011 and Lincoln issued its final denial on November 30, 2011.

28. Scanlon is entitled to 24 months of long-term disability benefits from May 15, 2010 through May 5, 2012.

29. Scanlon has satisfied all of the jurisdictional prerequisites to filing a claim in federal court.

# COUNT I

## RECOVERY OF INSURANCE AND PLAN BENEFITS

30. Scanlon incorporates and realleges all previous allegations.

31. The Plan contains some language purporting to grant ATI discretion and to give ATI the ability to delegate discretion to others; however, on information and belief, the purported delegation is invalid and Scanlon is entitled to de novo review.

32. Scanlon became disabled in February 2010 and she remained disabled for the duration of the 24 months provided for under the mental sickness provision of the Plan. During that time Scanlon was unable to perform the main duties of her own occupation at ATI and ATI has failed to offer an appropriate job position for which she is qualified and which accommodates her limitations, and she would not have been able to obtain employment in her own occupation for any employer due to her disability.

33. Despite the coverage of Scanlon's long-term disability, Lincoln suspended payments to Scanlon as of May 15, 2010 in breach of the Plan. This breach was arbitrary, capricious, an abuse of discretion, not supported by substantial evidence and was clearly erroneous.

34. The Plan is self-funded by ATI and operates under a conflict of interest.

35. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal and state common law, Scanlon is entitled to recover all benefits due under the terms of the Plan, and to enforce her rights under the terms of the Plan.

36. Due to Lincoln's violation of the Plan's requirements Scanlon is due long-term disability benefits for 24 months from approximately May 15, 2010 through May 5, 2012, which reflects the ten days Lincoln paid Scanlon's LTD claim.

37. Pursuant to 29 U.S.C. § 1132(g), Scanlon is entitled to recover her attorneys' fees and costs incurred herein from ATI and the Plan.

38. Scanlon is entitled to prejudgment interest at the highest legal rate on the benefits to which she is entitled pursuant to A.R.S. § 20-462.

WHEREFORE, Scanlon prays for entry of judgment against Defendants as follows:

A. For all past benefits due Scanlon under the terms of the Plan;

B. For an award of Scanlon's attorneys' fees and costs incurred herein;

C. For an award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

D. For such other and further relief as the Court deems just and reasonable.

Dated this 10th day of November 2014.

THE COUNTERS FIRM, P.C

By: /s/ Lisa J. Counters
    Lisa J. Counters

## CERTIFICATE OF SERVICE

I hereby certify that on November 11, 2014, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing.

By:   /s/ Melissa A. Gutierrez